### 10952

### PARHAM v. LEMACKS *ET AL.*

#### (113 S. E. 70)

1. BILLS AND NOTES—ALLEGATIONS THAT DEFENDANT INDORSED NOTE HELD NOT TO PRECLUDE PROOF THAT DEFENDANT WAS COMAKER.—That the complaint alleged that defendant "indorsed" the note sued on did not preclude plaintiff from showing that defendant signed his name on the back of the note as a comaker.

2. BILLS AND NOTES—EVIDENCE HELD SUFFICIENT TO GO TO THE JURY ON QUESTION OF WHETHER DEFENDANT SIGNED AS COMAKER OR INDORSER.—In an action on two notes, evidence *held* sufficient to go to the jury on question of whether defendant signed the notes as comaker or indorser.

3.  BILLS AND NOTES—REFUSAL TO GIVE INSTRUCTION THAT IF DEFEND-
    ANT INTENDED TO ONLY INDORSE NOTE HE SHOULD BE CONSIDERED
    AS INDORSER HELD ERROR.—In an action on two notes which were
    indorsed before the money was furnished, it was error to refuse
    to give an instruction that if it was the intention of defendant to
    only indorse the notes, and it was so understood by plaintiff, then
    defendant could be considered only in the capacity of indorser,
    and would be entitled to all the protection with which the law sur-
    rounds an indorser, since the transaction, having arisen prior to the
    enactment of the Negotiable Instruments Act of 1914, was not con-
    trolled by it.

Before GARY, J., Charleston.   Reversed and remanded.

Action by C. W. Parham against J. H. Lemacks *et al.*
Judgment for plaintiff and defendants appeal.

*Messrs. Paul M. MacMillan* and *J. A. Patla,* for appel-
lants, cite: *Where party is sued as maker no recovery
can be had against him as an endorser*: 42 Mo. App., 525;
7 Cent. Dig., 2225; 17 S. C. L., 138; 76 S. C., 557; 17
S. C. L., 97; 2 McMull., 15; 1 Strob., 56; 14 L. R. A. (N.
S.), 1052; 57 Am. St. Rep., 238; 50 L. R. A. (N. S.), 1;
67 N. Y. S., 218; 82 N. Y. S., 481; 45 S. C., 379.

*Messrs. Whaley, Barnwell & Grimball,* for respondent,
cite: *Allegation that notes were endorsed by defendants
does not necessarily mean they were endorsers, and not
makers*: 114 S. C., 480; 106 S. C., 472.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action upon two notes: The one for $300.00, dated
November 6, 1912, due July 6, 1913, interest after
maturity at 7 per cent. and 10 per cent. attorney's
fees; the other for $300.00, dated May 6, 1913, due August
6, 1913, interest and attorney's fees the same. The notes pay-
able to the plaintiff were signed T. H. Lemacks & Bro., a
partnership composed of T. H. Lemacks and Pink Lemacks,

and indorsed upon the back of each note was the signature of their brother, the defendant, W. H. Lemacks. In the action upon the notes the defendants other than W. H. Lemacks, made default; W. H. Lemacks answered, alleging that he was an accommodation endorser only, and that, not having received notice of the non-payment of the notes, he was discharged. To sustain his contention the defendant, W. H. Lemacks, relied, first, upon the allegations of the complaint to the effect that after the notes had been signed by T. H. Lemacks & Bro., they were "indorsed" by him; and upon evidence that he had signed as an "indorser" and not as a comaker. His position as to the allegations of the complaint is met by the decision of this Court in the case of *Norwood Bank v. Piedmont Co.,* 106 S. C., 472; 91 S. E., 866, where it is declared:

"Under the allegations of the complaint the plaintiff had the right to show that the defendants had written their names on the back of the note and indorsed the same, either as makers or indorsers. The mere fact that the complaint used the words or alleged that the defendants 'indorsed' the note did not bind them by their pleadings to an allegation that the defendants were sued as 'indorsers' of the note only. This would be putting a very contracted technical construction on the pleadings, and work a hardship and palpable injustice in the case."

The testimony as to the defendant's second position, that he signed as indorser and not as comaker, is acutely conflicting. That of the plaintiff is to the effect that W. H. Lemacks' name was placed on the back of the notes, as part of the original transaction, before the money was furnished. This under the law, prior to the Negotiable Instruments Act of 1914 (28 St. at Large, p. 668), would constitute W. H. Lemacks a comaker. The testimony of the defendant was to the effect that he had nothing to do with the original transaction, and that after

the notes had been signed by T. H. Lemacks & Bro., he indorsed them to the plaintiff's accommodation; his brother T. H. Lemacks supported his contention, he stating that no indorser was mentioned when the notes were fixed up, that the plaintiff asked W. H. Lemacks to indorse the notes. He also relied upon the statement of the plaintiff in his testimony:

"He [T. H. Lemacks] said we have to raise $600.00 in the next few days or we will lose $1,100.00 we have paid on some timber. The next day I thought that I could let him have it with the clear understanding and guaranty from W. H. Lemacks that it would be paid in the time stated, and I let them have the money."

The Circuit Judge in an exceedingly clear charge submitted to the jury the pivotal issue in the case whether the defendant was an endorser or a comaker, confining the inquiry of the jury to the question whether the signature of W. H. Lemacks was placed on the note before the money was furnished and as a part of the original transaction. While this is perfectly accurate, the absence of evidence showing that the intention and agreement of the parties was otherwise controlling, it is not necessarily decisive of the issue where there is such testimony. In other words, the presumption that the third party was a comaker, arising from the fact that he placed his name on the note before the money was furnished and the transaction closed, may yield to testimony showing that the agreement of the parties was that he should assume the position of an indorser and not a comaker, which, as we have seen, there was sufficient evidence to require a submission of this question to the jury.

In *Bank v. Tobacco Co.,* 45 S. C., 373; 23 S. E., 139, quoting the syllabus, it is declared:

"The testimony in this case shows that the plaintiff treated and understood the parties, whose names were writ-

ten on the back of the note as indorsers, and, as such, they are entitled to all the requirements of the law merchant at the hands of the bank." ·

The case at bar was presented to the jury upon the theory that, regardless of any agreement, understanding, or course of conduct tending to establish the relation of indorser, if the defendant's name was placed on the note before the money was furnished and the transaction closed, he was a comaker.

The Circuit Judge was therefore in error when he refused the defendant's tenth request, which was as follows:

"I charge you that the intention of the parties at the time of the signing of the notes controlled the case, and if you believe from the evidence that it was the intention of W. H. Lemacks to only indorse the notes, and it was understood by plaintiff that he was indorser, then the defendant, W. H. Lemacks, can only be considered ·in the capacity of indorser, and he would be entitled to all the protection with which the law surrounds an indorser."

It will be observed that this transaction arose prior to the Negotiable Instruments Act of 1914, and is not controlled by it.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial. ·

MR. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS dissent.